## 21922. NOBLIN v. McCLURE.

ARGUED JANUARY 15, 1963—DECIDED FEBRUARY 7, 1963—
REHEARING DENIED FEBRUARY 25, 1963.

Ejectment. Dawson Superior Court. Before Judge Kelley.

*Hammond Johnson, Jr., E. C. Brannon, Jr.,* for plaintiff in error.

*Wheeler, Robinson & Thompson,* contra.

ALMAND, Justice. The case under review is an action in ejectment in the statutory form involving 5.85 acres of land in Dawson County. On the trial of the case, at the conclusion of the introduction of evidence, both parties moved for the direction of a verdict. The court directed a verdict in favor of the plaintiff. The defendant's motion for a new trial on the general grounds and on two special grounds was overruled. The bill of exceptions assigns error only on the overruling of the motion for a new trial. There is no assignment of error on the direction of the verdict in favor of the plaintiff in the motion for a new trial or in the bill of exceptions. The two special grounds of the motion for a new trial were not argued orally or by written brief.

The sole question for decision is whether or not the verdict of the jury is supported by any evidence. Both the plaintiff's and defendant's claim of title to the tract of land in dispute is from a common grantor. It is undisputed that J. C. McClure in March, 1956, owned all of Land Lots 386 and 393 in the south half of the 13th District, 1st Section of Dawson County. On March 10, 1956, he conveyed to Ila Howard 25 acres of this tract with the following description: "All that tract or parcel of land lying and being in the South half of the 13th District and 1st Section of Dawson County, Georgia, and being Twenty-five (25) acres, more or less of Lots of Land Numbers

Three Hundred Eighty-six (386) and Three Hundred Ninety-three (393) and described as follows: Bounded on the North and East by the Buford Dam Reservoir and east original line of lot No. 393, on the South by the original line of said lot No. 393 and on the west by the west original lines of said lots."

Subsequently, Ila Howard, by warranty deed dated September 6, 1958, conveyed to the defendant in the trial court the same land described in the McClure deed. It is the contention of the plaintiff in error, the defendant below, that these conveyances from her predecessors in title embraced the 5.85 acres of land here in dispute.

The evidence introduced on behalf of the defendant in error shows that he was the son of J. C. McClure, the common propositus of both parties. In 1958 J. C. McClure died intestate, survived by two children, his sole heirs at law. No administration was had on his estate, and plaintiff's sister deeded her interest in the land which is the subject matter of the dispute to the plaintiff. This deed describes the tract by metes and bounds. On the trial there was evidence that the deed covered the 5.85 acres involved in this case.

The claim of the defendant, the plaintiff in error, is based upon a deed from J. C. McClure to Ila Howard in March, 1956, wherein he conveyed 25 acres, more or less, of land in land lots numbers 386 and 393 of Dawson County. It is the contention of the plaintiff in error that it covered the 5.85 acres here involved. On the trial there was evidence on behalf of the defendant in error that the 5.85 acres was not a part of the land conveyed by J. C. McClure to the plaintiff in error's predecessor in title but that at the time of the death of J. C. McClure title to the land passed to his two heirs at law and that possession of this tract was never in the plaintiff in error or her predecessor in title and that her said predecessor in title had never claimed title to this tract. On the contrary there was evidence that the conveyance to the plaintiff in error's predecessor by J. C. McClure did cover the 5.85 acres here involved. On this conflicting evidence the jury resolved the issue in favor of the defendant in error. The sole question being as to whether the verdict is supported by any evidence, and being of the opinion

that it is, it was not error to overrule the motion for a new trial on the general grounds.

*Judgment affirmed. All the Justices concur.*