ROSEBORO FORD, INC. v. ALLEN CARROLL BASS AND UNITED STATES LIABILITY INSURANCE COMPANY

No. 854DC7

(Filed 15 October 1985)

**1. Insurance § 70— purchase of car—title not transferred—purchaser had insurable interest**

    In an action by a car dealer against the purchaser of a car to whom title had not yet been transferred and the company providing collision insurance, the insurance company had a valid contract of insurance with the purchaser where liability insurance coverage was not involved, and the purchaser was the "owner" of the vehicle within the meaning of G.S. 20-4.01(26) because he had made a cash down payment of $300 towards purchase of the car, the sales price and terms of sale had been agreed upon, he had agreed to pay the balance of the purchase price and to purchase the car from the dealer, and he had been given the immediate right of possession of the vehicle. As owner of the vehicle, the purchaser had an insurable interest in the subject matter to be insured. G.S. 25-2-509(3).

---

**Roseboro Ford, Inc. v. Bass**

---

2. **Indemnity § 3; Contribution § 1; Rules of Civil Procedure § 13— crossclaim — incorrectly seeking contribution rather than indemnity—summary judgment properly denied**

> In an action by a car dealer against a purchaser to whom title had not yet been transferred and his collision insurance company, the trial court properly denied summary judgment in favor of the insurance company on the purchaser's crossclaim for contribution where the allegations made it clear that the crossclaim was for indemnity. Whether a permissible crossclaim has been stated is determined on the basis of the facts alleged in the crossclaim rather than on the basis of its legal conclusions.

3. **Insurance § 74; Contracts § 14.2— automobile collision insurance—automobile dealer not third party beneficiary**

> An automobile dealer was not entitled to summary judgment against defendant insurance company in an action by the dealer against a company providing collision insurance and the purchaser of the car where title had not yet been transferred. The contract documents contained in the record showed that any right to performance under the insurance contract belonged to the purchaser as the potential insured and the bank as the designated loss payee; however, the record was silent as to whether any loan transaction was completed and did not reveal any circumstances indicating that the purchaser intended to give the dealer the benefit of the insurance company's promised performance.

APPEAL by defendant United States Liability Insurance Company from *Martin (James N.), Judge.* Judgment entered 9 October 1984 in District Court, SAMPSON County. Heard in the Court of Appeals 23 August 1985.

This is a civil case in which plaintiff, Roseboro Ford, seeks to recover benefits pursuant to a collision insurance policy issued to defendant Bass by defendant United States Liability Insurance Company (Insurance Company).

The essential facts are:

On 26 February 1981 defendant Bass went to Roseboro Ford, Inc. to check into buying a 1979 Ford Thunderbird automobile. A salesman employed by Roseboro Ford turned the car over to Bass and allowed him to drive it home for purposes of test-driving the car. On 27 February 1981 Bass drove the car back to Roseboro Ford and made a cash down payment of $300.00. Bass advised Roseboro Ford, through its agent, that he intended to purchase the car at an agreed price of $4,600.00. Again, the salesman allowed Bass to take the car with him pending arrangement of satisfactory financing. A dealer tag was given to Bass by a Roseboro Ford salesman.

That same day, Bass drove the car to Clinton to the Sampson Insurance Agency. He spoke with an insurance agent about obtaining insurance in connection with his purchasing the 1979 Ford Thunderbird. Bass made a cash payment for the purchase of a collision insurance policy. The insurance agent accepted the cash payment on behalf of defendant, Insurance Company, and issued a binder for collision insurance to Allen Carroll Bass as the potential insured. At this time the purchase price had not been paid in full to Roseboro Ford although the sales price and terms had been agreed upon. The parties stipulated that the insurance agent with Sampson Insurance Agency was a registered agent for Insurance Company and was acting within the course and scope of his agency relationship. Further, the parties stipulated that the insurance agent "had the authority to bind coverage" with Insurance Company.

On 28 February 1981, while operating the 1979 Ford Thunderbird, Bass was involved in a one car accident. The accident caused extensive damage to the car in the amount of $3,750.00. At the time of the accident the automobile was owned as a dealer by Roseboro Ford, Inc., title not having been transferred to Bass. The binder issued on 27 February 1981 obligated the defendant, Insurance Company, to issue the collision insurance policy. The policy was never issued, however, and the binder was never cancelled or rescinded.

All parties filed motions for summary judgment. At the hearing on 23 July 1984, the Honorable James N. Martin granted summary judgment in favor of the plaintiff Roseboro Ford and denied the summary judgment motion of each defendant.

From a denial of its motion for summary judgment, the defendant Insurance Company appeals.

*Patterson, Dilthey, Clay, Cranfill, Sumner and Hartzog, by Dan M. Hartzog for plaintiff-appellee.*

*Allen, Hooten and Hodges, by John C. Archie and Thom. J. White for defendant-appellant.*

EAGLES, Judge.

The issue here is whether United States Liability Insurance Company must provide collision coverage under the collision

binder issued by its agent to defendant Bass for the damages caused to the 1979 Ford Thunderbird. We hold that it must.

[1]   Defendant Insurance Company denies the validity of the contract of insurance with Bass, on the ground that Bass had no ownership interest in the car and therefore no insurable interest. We disagree. G.S. 20-4.01(26) defines "owner" as:

> A person holding the legal title to a vehicle, or in the event a vehicle is the subject of . . . an agreement for the conditional sale . . . thereof or other like agreement, with the right of purchase upon performance of the conditions stated in the agreement, and with the immediate right of possession vested in the . . . conditional vendee . . . said . . . conditional vendee . . . shall be deemed the owner. . . .

Our Supreme Court has held that "for purposes of tort law *and liability insurance coverage,* no ownership passes to the purchaser of a motor vehicle which requires registration" until transfer of legal title is effected as provided in G.S. 20-72(b). *Insurance Co. v. Hayes,* 276 N.C. 620, 640, 174 S.E. 2d 511, 524 (1970) (emphasis supplied). The general rule then, as between vendor and vendee, is that the vendee does not acquire "valid owner's *liability* insurance until legal title has been transferred or assigned" to the vendee by the vendor. *Ohio Casualty Insurance Co. v. Anderson,* 59 N.C. App. 621, 623, 298 S.E. 2d 56, 58 (1982), *cert. denied,* 307 N.C. 698, 301 S.E. 2d 101 (1983) (emphasis supplied).

The controversy here does not involve liability insurance coverage. Bass made a cash payment for the purchase of a collision insurance policy. Payment was accepted by Insurance Company's agent and a binder for collision insurance was issued naming Allen Carroll Bass as the potential insured. In issuing this binder to Bass, the Insurance Company provided coverage in addition to that described in G.S. 20-279.21(a), motor vehicle liability policy, and required under G.S. 20-279.21(b)(2). This additional coverage is voluntary and the liability of the carrier for coverage in addition to that required by the Act must be determined according to the terms and conditions of the binder. *Caison v. Insurance Co.,* 36 N.C. App. 173, 243 S.E. 2d 429 (1978). For these reasons we do not find *Hayes* or the general rule concerning *liability* insurance as stated in *Anderson* controlling on the *collision* insurance coverage here.

Defendant Bass was the "owner" of the vehicle on the date of the accident, 28 February 1981, within the meaning of G.S. 20-4.01(26). He made a cash down payment of $300.00 towards purchase of the car. The sales price and terms of sale had been agreed upon. He agreed to pay the balance of the purchase price and to purchase the car from Roseboro Ford. Further, Bass was given the immediate right of possession of the vehicle.

As owner of the vehicle as defined in G.S. 20-4.01(26), Bass had an insurable interest in the subject matter to be insured. As a general rule, "anyone has an insurable interest in property who derives a benefit from its existence or would suffer loss from its destruction." 7 Am. Jur. 2d, Automobile Insurance, Section 42 (1980). Pursuant to G.S. 25-2-509(3) risk of loss passes to the buyer upon receipt of the automobile. Bass had obligated himself by contract to comply with the terms of the agreement. Following the accident he could not have simply returned the damaged car and walked away.

[2] In the original complaint plaintiff named Bass and Insurance Company as party defendants. In Bass' answer, he instituted a cross-claim against defendant Insurance Company for contribution. All parties filed motions for summary judgment. Roseboro Ford filed a motion for summary judgment against both defendants. Defendant Bass filed a motion for summary judgment against Roseboro Ford. Defendant Insurance Company filed a motion for summary judgment against defendant Bass and Roseboro Ford. The trial court entered summary judgment in favor of the plaintiff and ruled that the motions filed on behalf of each defendant be denied. The trial court ordered that the plaintiff recover from the defendants the sum of $3,750.00 as a result of the damages to the automobile and further specifically found that Insurance Company provided collision insurance to cover the damages.

Insurance Company contends in its brief that its motion for summary judgment as to Bass' cross-claim for contribution should have been allowed. Insurance Company argues that defendant Bass incorrectly designated his cross-claim as one for contribution. The right to contribution is statutory and is applicable only between joint tortfeasors. G.S. 1B-1; *Godfrey v. Tidewater Power Company*, 223 N.C. 647, 27 S.E. 2d 736 (1943). Insurance

Company's argument is correct because the facts of this case do not support a cross-claim for contribution. However, whether a permissible cross-claim has been stated is determined on the basis of the facts alleged in the cross-claim rather than on the basis of its legal conclusions. *Hendricks v. Leslie Fay, Inc.*, 273 N.C. 59, 159 S.E. 2d 362 (1968). From a review of the facts alleged in paragraph II of defendant Bass' cross-claim and paragraph 2 of his prayer for relief, it is clear that Bass' cross-claim is for indemnity and not contribution. His *legal conclusion* that the cross-claim was for contribution will not prevent a determination of the issue of indemnity. Accordingly, summary judgment in favor of Insurance Company and against defendant Bass was properly denied.

[3]  The only theory of relief asserted by Roseboro Ford against Insurance Company is based on a third party beneficiary concept. The rights of an intended third party beneficiary to a contract are to be determined from an examination of the contract. The key question is whether the contract evidences an intent by the parties for the third party to receive a benefit that is enforceable in the courts. *Vogel v. Reed Supply Co.*, 277 N.C. 119, 177 S.E. 2d 273 (1970). The allegations in plaintiff's complaint do not establish a claim as an intended beneficiary of Insurance Company's contract with Bass. The contract documents contained in the record show that any right to performance under the insurance contract belonged to Bass as the potential insured and First Citizens Bank and Trust Company as the designated loss payee. The record, however, is silent as to whether any loan transaction was completed between Bass and the designated loss payee. Further, the record does not reveal any circumstances which indicate that Bass intended to give Roseboro Ford the benefit of the Insurance Company's promised performance. Since the record does not show that Roseboro Ford was the intended third party beneficiary of the contract between Insurance Company and Bass, we hold that Roseboro Ford is not entitled to summary judgment against defendant Insurance Company.

In summary, we affirm the trial court's finding that Insurance Company provided collision insurance to cover the damages to the 1979 Ford Thunderbird automobile. We also affirm the trial court's denial of Insurance Company's motion for summary judgment against defendant Bass. However, we reverse the trial court's granting summary judgment in favor of the plain-

tiff against defendant Insurance Company because plaintiff Roseboro Ford was not the intended beneficiary of the contract between Insurance Company and defendant Bass. We hold that summary judgment should have been entered in favor of Insurance Company against Roseboro Ford. Defendant Bass has not appealed and the judgment entered against him in favor of Roseboro Ford is not before us. Accordingly, we remand this case for further proceedings on defendant Bass' cross-claim against defendant Insurance Company.

Affirmed in part and reversed in part and remanded.

Judges JOHNSON and PARKER concur.