WILLIAM W. JENKINS v. AETNA CASUALTY AND SURETY COMPANY

No. 8711SC1210

(Filed 20 September 1988)

**Insurance § 85— wife as insured—automobile in which husband had equitable interest—liability coverage excluded—vehicle not "covered" auto**

     In an action where plaintiff sought to have defendant satisfy a judgment entered against a named driver who plaintiff contended was defendant's insured under a policy of automobile liability insurance, the trial court properly granted summary judgment for defendant upon findings that the driver's wife was the named insured on the insurance policy; though the driver was a "covered person," liability coverage was excluded because he had an equitable interest in the vehicle in question which was sufficient to make him, rather than his wife, the "owner" of the vehicle; and the vehicle was not a covered auto under the policy because neither the driver nor his wife complied with the provision of the insurance policy to assure that the car became a covered vehicle. N.C.G.S. § 20-4.01(26).

     Judge PHILLIPS dissenting.

APPEAL by plaintiff from *Johnson, E. Lynn, Judge.* Judgment entered 9 November 1987 in Superior Court, LEE County. Heard in the Court of Appeals 3 May 1988.

*Moretz & Silverman, by Jonathan Silverman, for plaintiff-appellant.*

*Pope, Tilghman, Tart & Taylor, by Ann C. Taylor and Johnson Tilghman, for defendant-appellee.*

JOHNSON, Judge.

This is a civil action wherein plaintiff seeks to have defendant satisfy a judgment entered against William Troy Patterson, who plaintiff contends is defendant's insured under a policy of automobile liability insurance.

On 18 October 1985, plaintiff, William W. Jenkins, was injured in a one-car collision while a passenger in a 1967 Chevrolet Camaro operated by William Troy Patterson. On 5 December 1986, judgment was entered against Patterson for damages in the amount of $17,197.99 sustained by Jenkins in the collision.

At the time of the collision on 18 October 1985, Kelly Ann Tillman [sic] was the named insured on an automobile liability in-

Jenkins v. Aetna Casualty & Surety Co.

surance policy issued by defendant, Aetna. (Her correct name is Kelly Ann Tilghman Patterson.) Also, at that time, Kelly Ann Tilghman Patterson was married to William Troy Patterson. They resided in the same household, and the policy was in full force and effect. Two automobiles, an Opel and a Buick, were listed on the declarations page of the insurance policy, but the vehicle involved in the accident, the Camaro, was not listed.

On 21 September 1983, Patterson purchased the Camaro from a man known as "Junior" for $400.00 and obtained possession of the car at that time. However, the owner of the car at the time of sale was Jerome Hall. When it was acquired, the car had no motor and was obtained primarily for restoration and not transportation purposes. The seller did not own the car and did not have a certificate of title for the car. Patterson never received a certificate of title for the car and did not attempt to get insurance coverage on the car.

Prior to 18 October 1985, Patterson had never driven the car. When the collision occurred, Patterson was driving the car from Wesley's garage to his home which was three to four miles away. The car was being taken home for further repairs and not for transportation purposes. The car did not have a license plate.

Plaintiff, William W. Jenkins, commenced this civil action against defendant, Aetna Casualty Company, on 23 February 1987. Defendant filed answer on or about 11 May 1987. On 29 September 1987 and on or about 28 October 1987, plaintiff and defendant, respectively, filed motions for summary judgment. On 9 November 1987, the trial court denied plaintiff's motion and granted defendant's motion for summary judgment. Plaintiff appealed.

Plaintiff brings forth two arguments for this Court's review. For the following reasons, we affirm. He contends that the trial court erred by granting defendant's motion for summary judgment and by denying plaintiff's motion for summary judgment. In support of these contentions, plaintiff argues that the undisputed evidence reveals that William Troy Patterson was a covered person under defendant Aetna's policy of automobile liability insurance issued to Kelly Ann Tillman (Tilghman) and that none of the policy exclusions apply which would entitle Aetna to deny coverage. In the alternative, plaintiff contends that a genuine is-

sue of material fact exists as to whether the Camaro was furnished for Patterson's regular use. We disagree.

The applicable provision of the automobile liability insurance policy defines "covered auto" as follows:

1. Any vehicle shown in the Declarations.

2. Any of the following types of vehicles on the date you become the owner:

> a. a private passenger auto, . . .

If the vehicle you acquire replaces one shown in the Declarations, it will have the same coverage as the vehicle it replaced.

If the vehicle you acquire is in addition to any shown in the Declarations, it will have the broadest coverage we now provide for any vehicle shown in the Declarations, if you:

> a. acquire the vehicle during the policy period; and

> b. ask us (Aetna) to insure it:

> (1) during the policy period; or

> (2) within 30 days after you become the owner.

Furthermore, the policy, in pertinent part, provides as follows:

DEFINITIONS

Throughout this policy, "you" and "your" refer to:

1. The "named insured" shown in the Declarations; and

2. The spouse if a resident of the same household.

"Family member" means a person related to you by blood, marriage or adoption who is a resident of your household.

PART A—LIABILITY COVERAGE

We will pay damages for bodily injury or property damage for which any covered person becomes legally responsible because of an auto accident.

"Covered person" as used in this Part means:

1. You or any family member for the ownership, maintenance or use of any auto or trailer.

EXCLUSIONS

B. We do not provide Liability Coverage for the ownership, maintenance or use of:

1. Any vehicle, other than your covered auto, which is:

a. owned by you; or

b. furnished for your regular use.

2. Any vehicle, other than your covered auto, which is:

a. owned by any family member; or

b. furnished for the regular use of a family member.

First, we note that the Camaro is not a covered auto under the policy because neither William Troy Patterson nor his wife complied with the provision of the insurance policy to assure that the Camaro became a covered vehicle. Patterson purchased the car prior to the policy period and did not notify Aetna during the policy period or within 30 days after having become the owner.

William Troy Patterson is a "covered person" under the statute because he is the spouse of and was residing in the same household with the policyholder at the time of the accident. However, liability coverage is excluded if the Camaro was either owned by William Troy Patterson or was furnished for his regular use.

G.S. sec. 20-4.01(26) defines "owner" as:

A person holding the legal title to a vehicle, or in the event a vehicle is the subject of a chattel mortgage or an agreement for the conditional sale or lease thereof or other like agreement, with the right of purchase upon performance of the conditions stated in the agreement, and with the immediate right of possession vested in the mortgagor, conditional vendee or lessee, said mortgagor, conditional vendee or lessee shall be deemed the owner for the purpose of this Chapter.

This definition applies to all of Chapter 20 and to the Financial Responsibility Act unless the context requires otherwise.

'[F]or purposes of tort law and liability insurance coverage, no ownership passes to the purchaser of a motor vehicle which requires registration' until transfer of legal title is effected as provided in G.S. 20-72(b). The general rule then, as between vendor and vendee, is that the vendee does not acquire 'valid owner's liability insurance until legal title has been transferred or assigned' to the vendee by the vendor.

*Roseboro Ford, Inc. v. Bass*, 77 N.C. App. 363, 366, 335 S.E. 2d 214, 216 (1985) (citations omitted) (emphasis in original).

However, an exception to this rule was established in *Ohio Casualty Ins. Co. v. Anderson*, 59 N.C. App. 621, 298 S.E. 2d 56 (1982), *cert. denied*, 307 N.C. 698, 301 S.E. 2d 101 (1983), where neither the vendor nor the vendee had legal title subsequent to the sale of the vehicle. Legal title, instead, was transferred simultaneously and in connection with the vendee's purchase of the vehicle, from the vendor to a third party, the vendee's son. The transfer was accomplished at the vendee's direction and without the knowledge or approval of his son. The vendee, however, paid the entire purchase price, had exclusive possession and use of the vehicle, obtained the insurance coverage for it, and paid the premiums therefor. This Court stated that "[t]his sufficed to give him a clear equitable interest in the vehicle, . . . and that equitable interest sufficed, under the particular facts and circumstances, to make him the 'owner' of the vehicle within the coverage intent of the policy, interpreted in light of the purpose and intent of the Financial Responsibility Act." *Id.* at 625, 298 S.E. 2d at 59.

In the case *sub judice*, neither the vendor nor vendee held legal title. The evidence established that the actual owner of the Camaro was Jerome Hall. William Troy Patterson paid a full purchase price for the car and had exclusive possession of the car. However, he did not use the car until the day of the accident and never obtained automobile insurance for the car. The evidence did establish that William Troy Patterson would have obtained insurance when he "got [the car] running right," and did not plan to drive the car until he had made all the necessary repairs.

We believe that under the facts and circumstances of the case *sub judice*, that Patterson had an equitable interest in the

Camaro which was sufficient to make him the "owner" of the vehicle within the coverage intent of the policy.

Because we have determined that Patterson owned the Camaro, and thus was excluded from liability coverage under the policy, we need not determine whether the Camaro was furnished for his regular use.

Accordingly, for all the aforementioned reasons, the judgment of the trial court is

Affirmed.

Judge SMITH concurs.

Judge PHILLIPS dissents.

Judge PHILLIPS dissenting.

In my opinion the exclusions in defendant's policy do not apply to this case and the order of summary judgment is erroneous, because within the contemplation of the Financial Responsibility Act the Camaro automobile involved was neither owned by William Patterson nor furnished for his regular use.