DOROTHY LESNIAK COLE v. DONALD SCOTT COLE

No. 8715DC1021

(Filed 19 July 1988)

**Rules of Civil Procedure § 60.2; Bastards § 6— paternity—blood test results—new evidence**

The trial court erred in a child support action by reversing a judgment of the Court of Appeals based upon newly-discovered evidence where the trial court had initially found paternity based upon blood test results; the Court of Appeals reversed based upon an assumption in the blood test results that

defendant was a fertile male and evidence that defendant had had a vasectomy; there was new evidence that defendant's new wife had given birth to a daughter and medical testimony that defendant had probably had a recanalization which resulted in intermittent opening and closing of the severed vas tube, and that defendant had fathered the child in question; and the trial court granted plaintiff's motion under N.C.G.S. § 1A-1, Rule 60(b)(2) to set aside the judgment and upon a new trial again found paternity. None of the evidence of fertility existed at the time of the first trial and does not qualify as newly-discovered evidence because the theory of recanalization was not new and was apparently not offered at the first trial because of a lack of a positive sperm count, which did not arise until long after the first trial concluded, and conception of the daughter also did not occur until after the first trial.

APPEAL by defendant from *Stanley Peele, Judge.* Judgment entered 10 July 1987 in District Court, ORANGE County. Heard in the Court of Appeals 9 March 1988.

*Hogue & Strickland by Lucy D. Strickland for plaintiff-appellee.*

*Clayton, Myrick, McClanahan & Coulter by Robert D. McClanahan for defendant-appellant.*

BECTON, Judge.

In August 1983, plaintiff Dorothy Lesniak Cole brought this action against defendant Donald Scott Cole seeking child support for her three children—Jeffrey Scott Cole, Donald Wayne Cole, and Jonathan Derrick Cole. Defendant denied paternity of Jonathan Derrick Cole. In a judgment entered 8 March 1984, the trial judge found paternity, and defendant appealed to this Court. In *Cole v. Cole,* 74 N.C. App. 247, 328 S.E. 2d 446, *affirmed per curiam,* 314 N.C. 660, 335 S.E. 2d 897 (1985), this Court reversed the trial court, holding that the trial judge's findings of fact were insufficient to support a conclusion that defendant was the father of Jonathan Derrick Cole.

On 24 February 1986, plaintiff filed a motion to set aside the judgment pursuant to Rule 60(b)(2) of the North Carolina Rules of Civil Procedure. Judge Peele granted the motion and, upon a new trial again found paternity. Defendant appeals. We reverse.

---

Cole v. Cole

---

## I

## A

Plaintiff's motion to set aside this Court's 1985 judgment was based on newly discovered evidence. Because defendant contends that the trial judge erred by granting plaintiff's motion to set aside the judgment, we will begin by recapitulating the facts found and evidence presented during the initial proceeding.

Plaintiff and defendant were married on 19 April 1970. [Plaintiff] bore one child on 19 August 1971 and another on 29 September 1975. Defendant had a bilateral vasectomy on 20 February 1976. On 20 May 1976, the physician who performed the vasectomy made a sperm count on a specimen brought by defendant, and it was negative. Also a pathology test was performed on the sections of the vasa deferentia removed from defendant, and the test confirmed that the vasectomy had been successful.

On 10 September 1982 the plaintiff gave birth to a son, Jonathan Derrick Cole. The defendant acknowledged that he was the child's father on the child's birth certificate. In the Spring of 1983 the parties' marriage deteriorated. They separated on 9 July 1983.

. . .

On 15 September 1983, Dr. John Grimes performed a semen analysis on defendant and determined that he was [non-fertile]. Dr. Grimes found no evidence of any vasectomy performed on defendant except for the one of 20 February 1976. Dr. Grimes testified that he believed defendant was [non-fertile] during the years 1981-82 and that the likelihood of defendant becoming fertile after his vasectomy was "one in a million and probably less than that now."

A blood test was performed on defendant, on the child Jonathan Cole, and on plaintiff. The test indicated that the probability of defendant being Jonathan's father was 95.98%, assuming that defendant "was a fertile male at the time of presumed conception. [sic] Undisputed evidence to the contrary would drop the probability of paternity to 0%."

The [trial] judge ruled that the defendant [was] the biological father of Jonathan Derrick Cole.

*Id.* at 248-49, 328 S.E. 2d at 447.

This Court's reversal of the trial court was based largely on the trial judge's misuse of the evidence concerning the probability of defendant's paternity. The trial judge relied on the high probability assigned to defendant's blood test but ignored the qualification attached to the finding, i.e., that the probability fell to 0% if defendant was non-fertile. There was undisputed evidence that defendant had a successful vasectomy which rendered him non-fertile during the time when Jonathan Cole was likely to have been conceived.

We now turn to defendant's first contention—that the trial judge erred by setting aside the above judgment.

### B

N.C. Gen. Stat. Sec. 1A-1, Rule 60(b)(2) provides in pertinent part that a trial judge may relieve a party from a judgment when there is "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." Our review of Rule 60(b) motions is limited to determining whether the trial court abused its discretion. *Sink v. Easter*, 288 N.C. 183, 217 S.E. 2d 532 (1975). However, a motion based on newly discovered evidence must meet the criteria established in Subsection (b)(2) of Rule 60. Prior to the enactment of the Rule, but to the same end, our courts formulated the following prerequisites: "(1) [t]hat the witness will give newly discovered evidence; (2) that it is probably true; (3) that it is competent, material, and relevant; (4) that due diligence has been used and the means employed, or that there has been no laches, in procuring testimony at the trial [sic]; (5) that it is not merely cumulative; (6) that it does not tend only to contradict a former witness or to impeach or discredit him; (7) that it is of such a nature as to show that on another trial a different result will probably be reached and that the right will prevail." *Brown v. Sheets*, 197 N.C. 268, 273-74, 148 S.E. 233, 236 (1929).

Significantly, in *Grupen v. Furniture Industries*, 28 N.C. App. 119, 220 S.E. 2d 201 (1975), *cert. denied*, 289 N.C. 297, 222 S.E. 2d 696 (1976), this Court held that plaintiff's results from a physical

he had undergone after his initial trial did not qualify as newly discovered evidence within the meaning of Rule 60(b), because it was not evidence of facts existing at the time of the trial and because the plaintiff was dilatory in pursuing his cause of action. This limitation on newly discovered evidence has been justified on the firm policy ground that, if the situation were otherwise, litigation would never come to an end. *See, e.g., Campbell v. American Foreign S.S. Corporation*, 116 F. 2d 926 (2d Cir. 1941). With all of these principles in mind, we now examine plaintiff's new evidence.

Plaintiff's new evidence is that on 18 December 1985, defendant's new wife gave birth to a daughter, Krystle Renee Cole, who was born three to four weeks premature and whom defendant acknowledges as his child. Plaintiff's expert, Dr. Stuart S. Howards, an urologist specializing in male reproduction, testified on deposition that the conception of Krystle Cole, coupled with the other circumstances of defendant's history, made it highly likely that he had a recanalization—that is, a reconnection of the severed vas tube—which resulted in intermittent opening and closing, and that he fathered Derrick Cole.

At the hearing, defendant speculated that Krystle Cole was conceived in April or May of 1985. Her conception coincided with some physical problems, typically associated with recanalization, which he experienced during February or March of 1985, two and one-half years after Derrick's birth. Defendant had not undergone any type of reversal surgery in the interim between Derrick and Krystle Cole's conceptions.

Defendant argues that plaintiff's new evidence does not qualify as "newly discovered evidence" within the meaning of Rule 60(b)(2) because the child, Krystle Cole, was neither born, nor even conceived, at the time of the first trial. Thus, the evidence did not exist and is not useful as a basis for setting aside a judgment under *Grupen*. We must agree.

The first trial in this matter was held in late February and early March 1984. This Court, in an opinion filed 16 April 1985, reversed the trial court largely because there was unequivocal evidence that defendant was non-fertile in 1982 and his non-fertility discounted the probability of paternity to 0%. The new evidence which called defendant's non-fertility into question was (a)

the conception of Krystle Cole in April or May 1985, (b) the pain and swelling of defendant's scrotum reported to his physician, Dr. Grimes, in July 1985, and (c) a positive sperm count obtained in January 1986, all of which suggested to Dr. Grimes that a recanalization had in fact occurred. Neither Dr. Grimes nor Dr. Howards could state with any certainty,. however, when the recanalization occurred. Both agree that such cases are rare and that they are more likely to occur within the first year after a vasectomy is performed. They also suggest that recanalization is a microscopic event which may not be detected if asymptomatic (approximately half occur without the patient noticing symptoms).

In the instant case, unlike *Grupen*, there is no indication that plaintiff was dilatory in pursuing her action. However, the theory of recanalization is not new. An expert might have offered the opinion at the time of the first trial that a recanalization had occurred, and apparently one would have been more inclined to do so, if defendant had yielded just one semen specimen with a positive sperm count. No such evidence arose until long after the first trial concluded. The conception of Krystle Cole would have been probative as well, but that event did not occur until approximately one year after the first trial. None of this evidence regarding defendant's fertility existed at the time of the first trial. Thus, we are bound by precedent to hold that the evidence does not qualify as newly discovered evidence within the meaning of Rule 60(b)(2), and the judgment of the trial court must be reversed.

II

Because of our disposition of defendant's first assignment of error, we need not and do not address his remaining arguments.

Judgment is reversed.

Judges ARNOLD and PARKER concur.