JACK WALDROP, PLAINTIFF-APPELLEE v. GEORGE D. YOUNG, DEFENDANT-APPELLANT

No. 9028SC1356

(Filed 15 October 1991)

**Rules of Civil Procedure § 60.2 (NCI3d) — motion for relief from judgment — evidence not newly discovered — due diligence not shown**

    The trial court did not err in the denial of defendant's Rule 60(b)(2) motion for relief from judgment on the ground

of newly discovered evidence where (1) the testimony of a new witness, defendant's former employee, would be merely corroborative or cumulative of the evidence presented by defendant at the trial and is thus not newly discovered evidence within the meaning of the Rule and (2) defendant did not meet his burden of showing that he exercised due diligence in trying to locate the witness before trial in that the evidence shows that, although the witness had moved, she received her W-2 form mailed by defendant to her last known address, but defendant did not attempt to subpoena the witness or try to contact her by mail.

**Am Jur 2d, Judgments § 820.**

APPEAL by defendant from order dated 19 September 1990 in BUNCOMBE County Superior Court by *Judge C. Walter Allen* denying defendant's motion for relief from judgment. Heard in the Court of Appeals 26 September 1991.

On 1 August 1988, plaintiff and defendant entered into a written one-year term lease agreement. Pursuant to the agreement, defendant became lessee of a business location owned by plaintiff. Defendant operated under the lease for almost two months at which time he vacated the premises and ceased paying rent.

On 14 December 1988, plaintiff instituted this action for recovery of unpaid rent and for further relief not pertinent to this appeal. Plaintiff contended that defendant breached the lease by vacating the premises without cause and by failing to pay rent. Defendant contended he left the leased premises because of a leaky roof which rendered the premises unusable and which plaintiff refused to repair after defendant's repeated requests.

Following trial without a jury on 26 September 1989 by the Honorable J. Marlene Hyatt, judgment was entered in favor of plaintiff for unpaid rent in the amount of $8,050.00, plus interest.

On 9 March 1990, defendant filed a motion for relief from judgment pursuant to Rule 60(b)(2) of the North Carolina Rules of Civil Procedure. Defendant alleged that at the time the original action was heard, he was aware of a potential witness—a former employee who had worked at the leased premises. However, after repeated attempts, defendant was unable to locate the witness because she had moved from the last address known to him. Subse-

quent to the time judgment was entered, defendant located the witness. Defendant then filed the motion alleging he had newly discovered evidence constituting grounds for a new trial. The motion was supported by an affidavit of the witness concerning what her testimony would be should a new trial be ordered. A hearing was held, and by order entered 19 September 1990, Judge Allen denied defendant's motion. Defendant appeals.

*Dennis J. Winner, P.A., by Dennis J. Winner, for plaintiff-appellee.*

*Swain, Stevenson & Moore, P.A., by Joel B. Stevenson, for defendant-appellant.*

WELLS, Judge.

Defendant assigns as error the trial court's denial of his Rule 60(b)(2) motion for relief from judgment based on the grounds of newly discovered evidence. Defendant contends that his former employee's testimony constitutes newly discovered evidence because the witness could not, with due diligence, have been located prior to trial. N.C. Gen. Stat. § 1A, Rule 60(b)(2) provides:

*Relief from judgment or order.*

* * *

(b) *Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud, etc.* On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

* * *

(2) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b).

Plaintiff contends that the testimony of defendant's potential witness, which is the basis of the motion, is not "newly discovered evidence" within the meaning of Rule 60(b)(2). We agree. Proffered evidence which is merely cumulative or corroborative is not "newly discovered evidence" within the meaning of Rule 60(b)(2). *Cole v. Cole*, 90 N.C. App. 724, 370 S.E.2d 272 (1988), *disc. review denied*, 323 N.C. 475 (1988). In this case, the proffered testimony was merely

corroborative of the evidence presented by defendant during the trial. At trial, defendant testified about the leaks in the roof and his repeated requests to the landlord to repair them. The affidavit submitted in support of defendant's motion shows that the new witness would also testify about the existence of the leaks and defendant's requests for repairs. Thus, the testimony of the new witness would be merely corroborative or cumulative and as such is not newly discovered evidence within the meaning of the Rule. *Cole, supra.*

Furthermore, to constitute "newly discovered evidence" within the meaning of Rule 60(b)(2), the evidence must be such that it could not have been obtained in time for the original proceeding through the exercise of due diligence. *Harris v. Medical Center*, 38 N.C. App. 716, 248 S.E.2d 768 (1978), (*citing* 7 Moore's Federal Practice § 60.23[4] at 273). The record in this case shows that prior to trial, on several occasions defendant went to the trailer park where the witness lived at the time she was employed by defendant. Upon discovering that the witness had moved, defendant inquired of the park manager and the witness's next-door neighbor as to her whereabouts. Defendant did not try to subpoena the witness. There is no evidence that defendant tried to contact the witness by mail. Yet the record does indicate that the witness received her W-2 form from defendant, mailed to her last known address. Thus, we conclude that the trial court correctly ruled that defendant did not meet his burden of showing that he exercised due diligence in trying to locate the witness prior to trial.

For the foregoing reasons we hold that the proffered witness's testimony was not newly discovered evidence within the meaning of Rule 60(b)(2). We have examined defendant's other argument with respect to the validity of the trial court's ruling and find it to be without merit. Accordingly, we affirm the trial court's denial of defendant's motion for relief from judgment and new trial.

Affirmed.

Judges PARKER and WYNN concur.