**JENKINS v. MIDDLETON**

[114 N.C. App. 799 (1994)]

SALLY JENKINS, Plaintiff v. HAROLD MIDDLETON, Defendant

No. 9212DC1346

(Filed 17 May 1994)

**Judgments § 474 (NCI4th) — paternity — judgment erroneously set aside**

The trial judge erred by setting aside pursuant to Rule 60(b)(6) another judge's previous judgment adjudicating defendant to be the father of plaintiff's three minor children where the first judge's finding that defendant's answer and motion for a jury trial was not timely filed was supported by competent substantial evidence, the first judge's determination of paternity was supported by the evidence, and there was thus no showing that the judgment should be set aside because of extraordinary circumstances or because justice requires that it be set aside. N.C.G.S. § 1A-1, Rule 60(b)(6).

**Am Jur 2d, Judgments §§ 708 et seq.**

Judge GREENE concurring.

Appeal by plaintiff from order entered 24 September 1992 by Judge Sol G. Cherry in Cumberland County District Court. Heard in the Court of Appeals 9 December 1993.

*Attorney General Michael F. Easley, by Assistant Attorney General T. Byron Smith, for plaintiff appellant.*

*No brief for defendant appellee.*

COZORT, Judge.

Plaintiff appeals from the trial court's order setting aside a previous order adjudicating defendant to be the father of plaintiff's three minor children. We find the second trial court judge lacked authority to set aside the order or judgment of another trial court judge, and we reverse the second order. The facts follow.

On 11 July 1990, plaintiff filed in South Carolina a petition under the Uniform Reciprocal Enforcement of Support Act, seeking to establish defendant's paternity and child support obligations. On 22 August 1991, a summons and order to show cause for child support was filed in Cumberland County and was served on defend-

ant on 30 August 1991. On 24 October 1991, Judge Elizabeth Keever entered an order requiring the parties and the children to submit to blood testing for proof of paternity. On 21 May 1992, Judge Keever granted defendant's request for a continuance until 25 June 1992. On 18 June 1992, defendant filed an answer denying paternity, requesting blood tests, and requesting a jury trial. On 30 June 1992, defendant filed an amended answer. On 30 July 1992, Judge James F. Ammons, Jr., sitting without a jury, entered an order finding that defendant's answer and motion for jury trial were not timely filed. Judge Ammons adjudicated defendant to be the father of plaintiff's three minor children and ordered him to pay monthly child support. Defendant gave oral notice of appeal in open court.

On 2 September 1992, defendant filed a motion to set aside the 30 July 1992 order, alleging that he was denied the opportunity to face his accuser and denied a jury trial. On 24 September 1992, Judge Sol Cherry entered an order setting aside the 30 July 1992 judgment on the grounds that defendant was entitled to a jury trial. Plaintiff timely filed written notice of appeal.

On appeal, plaintiff argues that Judge Cherry erred in setting aside Judge Ammons' judgment adjudicating defendant's paternity. We agree.

> [E]rroneous judgments may be corrected only by appeal, and . . . a motion under G.S. 1A-1, Rule 60(b) of the Rules of Civil Procedure cannot be used as a substitute for appellate review. A judge of the District Court cannot modify a judgment or order of another judge of the District Court, absent mistake, fraud, newly discovered evidence, satisfaction and release, or a showing based on competent evidence that justice requires it.

*Town of Sylva v. Gibson*, 51 N.C. App. 545, 548, 277 S.E.2d 115, 117, *appeal dismissed and cert. denied*, 303 N.C. 319, 281 S.E.2d 659 (1981) (citations omitted).

Judge Cherry's order makes no specific findings to justify setting aside the previous order. We must proceed under the premise that the order was set aside on the basis of N.C. Gen. Stat. § 1A-1, Rule 60(b)(6) (1990), which provides that an order may be set aside for "any other reason justifying relief from the operation of the judgment." Relief from an order is appropriate under Rule

60(b)(6) only if there are (1) extraordinary circumstances and (2) there is a showing that justice demands it. *Oxford Plastics v. Goodson*, 74 N.C. App. 256, 259, 328 S.E.2d 7, 9 (1985).

Having reviewed the record, we find no extraordinary circumstances and no showing that justice demands setting aside the order. Judge Ammons' finding of fact that defendant's answer and motion for jury trial were not timely filed is supported by competent substantial evidence. Defendant did not answer and request a jury trial until ten months after he was served with summons and the show cause order. We also note there was substantial competent evidence to support Judge Ammons' determination of paternity. Judge Cherry erred in setting aside Judge Ammons' order of 30 July 1992. The 24 September 1992 order is

Reversed.

Judge WYNN concurs.

Judge GREENE concurs with separate opinion.

Judge GREENE concurring.

Although I agree with the result reached by the majority, I do not believe that analysis under Rule 60 is appropriate.

The sole basis relied upon by Chief Judge Sol G. Cherry in granting the defendant's motion to set aside the order of Judge James F. Ammons, Jr. was that the defendant was entitled to a jury trial in plaintiff's paternity action. Judge Ammons had concluded that defendant was not entitled to a jury trial. Whether Judge Ammons erred in denying the defendant a jury trial in this paternity action presents a question of law and can be addressed only by an appeal of Judge Ammons' order or a timely motion in the trial court pursuant to Rule 59(a)(8). *Hagwood v. Odom*, 88 N.C. App. 513, 519, 364 S.E.2d 190, 193 (1988). Rule 60 "provides no specific relief for 'errors of law' and our courts have long held that even the broad general language of Rule 60(b)(6) does not include relief for 'errors of law.'" *Id.* In this case, the defendant did not appeal Judge Ammons' order and because his motion before Judge Cherry was filed more than 10 days after entry of Judge Ammons' order it was not filed pursuant to Rule 59(b). N.C.G.S. § 1A-1, Rule 59(b) (1990) (motion must be "served

not later than 10 days after entry of judgment"). For these reasons I join the majority in holding that Judge Cherry erred in setting aside Judge Ammons' order.