DAVID PARKS, Plaintiff v. CHRISTOPHER GREEN, Defendant

No. COA01-1448

(Filed 15 October 2002)

## 1. Arbitration and Mediation— party's absence—authority of those attending—required at hearing

The trial court did not err by granting plaintiff's motion to enforce an arbitration award based in part on defendant's failure to participate in good faith where defendant did not attend the arbitration hearing and did not provide documentary evidence that an insurance representative had the necessary authority to make binding decisions. The evidence must be known and provided at the arbitration.

## 2. Arbitration and Mediation— attendance at hearing—someone with authority—notice

The trial court did not err by concluding that defendant's failure to attend arbitration was contrary to the rules and intent of arbitration. While the Rules for Court-Ordered Arbitration do not require a party to give prior notice that he will not attend, they do require the attendance of the party or someone with authority to act on the party's behalf. Defendant here failed to appear and there was no documentation or evidence presented at the hearing to show that the insurance representative or defendant's attorney was authorized to make binding decisions on his behalf.

## 3. Arbitration and Mediation— failure to attend—sanctions

The trial court did not abuse its discretion by striking defendant's request for a trial de novo and enforcing an arbitration award where defendant had not appeared for the hearing and there was no evidence at the time of the hearing that the two people who appeared on his behalf had the necessary authority to make decisions. The trial court had the authority to strike the request for trial de novo as a sanction.

**4. Civil Procedure— motion for reconsideration—failure to attend arbitration—new evidence**

The trial court did not err by denying's defendant's motion for reconsideration of an order that an arbitration award be enforced and striking defendant's request for a trial de novo where the order was based on defendant's failure to appear at the hearing or to have evidence at the hearing that those present on his behalf had the necessary authority to act, and defendant's motion to reconsider was based on his affidavit that the insurance representative in fact had the necessary authority. Defendant's affidavit was not given until after the hearing and is not newly discovered evidence. Moreover, defendant did not explain why he was unable to obtain his own affidavit prior to the arbitration hearing, and did not show extraordinary circumstances, that justice demands relief, or a meritorious defense.

Appeal by defendant from orders entered 4 September 2001 and 21 September 2001 by Judge Fritz Mercer in Mecklenburg County District Court. Heard in the Court of Appeals 9 September 2002.

*Downer, Walters & Mitchener, P.A., by Joseph H. Downer and Stephen W. Kearney, for plaintiff-appellee.*

*Dean & Gibson, L.L.P., by Thomas G. Nance, for defendant-appellant.*

EAGLES, Chief Judge.

Christopher Green, ("defendant"), appeals from an order enforcing an arbitration award in favor of David Parks, ("plaintiff"), and an order denying defendant's motion for reconsideration. After careful consideration, we affirm.

On 1 January 1996, plaintiff and defendant, each operating their own motor vehicle, were involved in an automobile collision in Mecklenburg County. Plaintiff commenced this negligence action on 9 September 1998 seeking $8,000.00 for his personal injuries and damages as a result of the automobile collision. After notice of non-binding arbitration pursuant to G.S. § 7A-37.1 and the Rules for Court-Ordered Arbitration dated 5 February 2001, both plaintiff and defendant made pre-arbitration filings.

At the arbitration hearing on 13 March 2001, plaintiff, his attorney, defendant's attorney and a claims representative from defend-

ant's insurance carrier were present. Defendant did not attend in person. The arbitrator awarded plaintiff $3,000.00 and defendant requested a trial *de novo*. On 29 March 2001, plaintiff moved to enforce the arbitration award. On 4 April 2001, defendant filed an affidavit by Emilia Carlisle ("Carlisle"), the claims representative of defendant's insurer, Allstate Insurance Company ("Allstate"), who attended the 13 March arbitration hearing. This affidavit purported to show that Carlisle "had full authority to make binding decisions on behalf of the Defendant in all matters in controversy before the arbitrator." On 9 May 2001, defendant filed a copy of defendant's automobile liability policy provided by Allstate.

A hearing on plaintiff's motion to enforce the arbitration award was held on 4 June 2001 in Mecklenburg County District Court before Judge Fritz Mercer. The trial court ordered that the arbitration award be enforced and struck defendant's request for a trial *de novo*.

Defendant moved for reconsideration on 17 July 2001 and defendant's motion included his own affidavit. Defendant stated in his affidavit that Allstate "has and at all relevant times has had the authority to make binding decisions on my behalf with regard to the settlement or other disposition of the claims pending in this lawsuit." Defendant further stated that Carlisle "had authority to make binding decisions on my behalf with regard to all matters in controversy in this case and before the Arbitrator." After a hearing on 4 September 2001, Judge Mercer, by order dated 21 September 2001, denied defendant's motion for reconsideration. Defendant appeals from both orders.

**[1]** Defendant contends on appeal that the trial court erred in granting plaintiff's motion to enforce the arbitration award and in denying defendant's motion for reconsideration. After careful consideration, we affirm.

Defendant first contends that the trial court erred in granting plaintiff's motion to enforce the arbitration award and striking defendant's request for a trial *de novo*. We disagree.

Rule 3(p) of the North Carolina Rules for Court-Ordered Arbitration (N.C. Arb. R. 3(p)) states:

> *Parties Must Be Present at Hearings; Representation.* All parties shall be present at hearings in person or through representatives authorized to make binding decisions on their behalf in all matters in controversy before the arbitrator. All parties may be represented by counsel. Only individuals may appear pro se.

In *Mohamad v. Simmons*, 139 N.C. App. 610, 612, 534 S.E.2d 616, 618 (2000), the defendant did not appear at a mandatory non-binding arbitration hearing but "counsel purporting to represent defendants and an adjuster employed by their liability insurance carrier were present." The trial court determined that defendants' failure to appear at the arbitration hearing was in violation of Rule 3(p) of the Rules for Court-Ordered Arbitration. *Id.* On appeal, the defendants argued that Rule 3(p) "allows appearance by counsel or a liability insurance carrier representative in lieu of the actual parties." *Id.* In affirming the trial court, this Court noted that "no evidence in the record reflects that counsel purporting to appear on defendants' behalf or the representative of defendants' liability insurance carrier were authorized 'to make binding decisions . . . in all matters' on behalf of defendants." *Id.* at 614, 534 S.E.2d at 619. This Court stated that

> no documents in the record, such as defendants' contract with counsel, an affidavit setting forth the nature of the representational relationship and the authority of counsel, or defendants' policy of insurance, indicate the attorney purporting to represent defendants or the representative of their liability insurance carrier who were present at the hearing possessed *in this case* authority "to make binding decisions on [defendants'] behalf *in all matters* in controversy before the arbitrator."

*Id.* at 613, 534 S.E.2d at 619 (quoting N.C. Arb. R. 3(p)) (emphasis in original).

Here defendant argues that he complied with the Rules for Court-Ordered Arbitration since his attorney and a claims representative from his insurer were present. Defendant contends that the insurance representative had authority to make binding decisions in all matters in controversy on defendant's behalf. Defendant argues that the Rules for Court-Ordered Arbitration do not require that he give notice that he did not plan to attend or that he provide documentary evidence to the arbitrator showing that his representative had the necessary authority. Defendant contends that he provided an affidavit from a representative of his insurance company that stated she had the requisite authority, a copy of his insurance policy and in addition, an affidavit from defendant stating that the insurance representative had the necessary authority. Defendant argues that this evidence complied with the requirements set forth in *Mohamad* to show that the insurance representative had the necessary authority to represent him at the hearing.

However, the trial court made the following findings of fact:

14. There was no documentation or evidence presented, at the time of the arbitration, to show that either the Defense attorney or the Allstate adjuster were authorized to make binding decisions on behalf of the Defendant in all matters in controversy before the arbitrator.

15. The Defendant's attorney, prior to the hearing on the above-captioned motion but after the arbitration, filed a copy of Defendant's Insurance Policy and an affidavit from the Allstate Insurance Company adjuster purporting to show authority on Defendant's behalf.

16. There was no documentation or evidence presented, from the named Defendant, to show that either the Defense attorney or the Allstate adjuster were authorized to make binding decisions on behalf of the Defendant in all matters in controversy before the arbitrator.

The trial court then made the following conclusions of law:

1. Defendant did not act in good faith by failing to appear at the arbitration and failing to notify Plaintiff that they did not intend to appear at the arbitration.

. . . .

3. The failure of the Defendant to comply with the mandatory attendance requirement subverts and completely eviscerates the Rules of Arbitration.

4. Defendant failed or refused to participate in the arbitration proceeding in good faith or in a meaningful matter [sic].

Defendant's reliance on merely including certain documents in the record is misplaced. Without discussing the sufficiency of the documents to provide authority to act on defendant's behalf, we note that the affidavit from the representative of defendant's insurance carrier was filed on 4 April 2001 and a copy of defendant's automobile insurance policy was filed on 9 May 2001. Both of these documents were filed *after the arbitration* which took place on 13 March 2001. Further, defendant's personal affidavit was not filed until 17 July 2001 with defendant's amended motion for reconsideration. This document was filed approximately *four months after* the arbitration hearing and approximately *six weeks after* the trial court's hearing on

plaintiff's motion to enforce the arbitration award. The notice of the arbitration hearing, dated 5 February 2001, approximately five weeks prior to the arbitration hearing, stated that "[a]ll parties must be present at the hearing or represented by someone authorized to make binding decisions on their behalf in all matters in controversy before the arbitrator."

"The purpose of these rules is to create an efficient, economical alternative to traditional litigation for prompt resolution of disputes involving money damage claims up to $15,000." N.C. Arb. R. 1, official comment.

> We believe both the express and implied bases for the Rules would be subverted, if not completely eviscerated, if parties were allowed to disregard the mandatory attendance requirement without unequivocal evidence in the record that representatives attending on behalf of absent parties were indeed "authorized to make binding decisions on [the absent parties'] behalf in all matters in controversy before the arbitrator." To conclude otherwise would simply countenance the failure to participate in mandatory arbitration "in a good faith and meaningful manner."

*Mohamad,* 139 N.C. App. at 614, 534 S.E.2d at 619 (citations omitted).

It is not enough for the record to contain this evidence at the time this Court reviews the matter on appeal. The evidence showing that defendant's representative had the authority "to make binding decisions on [his] behalf in all matters in controversy before the arbitrator" must be known and provided at the arbitration. This provides the opportunity for the parties and representatives present at the hearing to participate in good faith and a meaningful manner.

[2] Defendant further argues that the trial court erred in concluding that defendant violated the Rules for Court-Ordered Arbitration based on the finding that defendant "failed to notify Plaintiff that he did not intend to appear at the arbitration." We agree with defendant that this would not be a proper basis for concluding that defendant's actions were "contrary to the rules and intent of District Court arbitration." While there is no evidence that defendant notified plaintiff that he would not be attending, the Rules for Court-Ordered Arbitration do not require a party to give prior notice that the party will not attend. The Rules do require that the party attend or that someone with authority to act on their behalf attend. *See* N.C. Arb. R. 3(p). "However, there is no indication in the order that the trial

court's conclusion was dependent upon this finding." *Bledsole v. Johnson*, 150 N.C. App. 619, 626, 564 S.E.2d 902, 907 (2002).

The defendant failed to appear at the arbitration hearing. There was no documentation or evidence presented at the arbitration hearing to show that the Allstate insurance representative or defendant's attorney were authorized to make binding decisions on behalf of the defendant in all matters in controversy before the arbitrator. Further, at the time of the arbitration hearing and the hearing before the trial court, there was no evidence from defendant showing that his attorney or the insurance representative had the requisite authority to act on his behalf. Defendant failed to comply with Rule 3(p) by "be[ing] present at the hearing in person or through representatives authorized to make binding decisions on [his] behalf in all matters in controversy before the arbitrator." N.C. Arb. R. 3(p). Accordingly, we affirm the trial court's conclusions that "[d]efendant's failure to attend the arbitration . . . is contrary to the rules and intent of District Court arbitration" and that "[t]he failure of the Defendant to comply with the mandatory attendance requirement subverts and completely eviscerates the Rules of Arbitration."

**[3]** Rule 3(l) of the Rules for Court-Ordered Arbitration provides that "[a]ny party failing or refusing to participate in an arbitration proceeding in a good faith and meaningful manner shall be subject to sanctions" set forth in North Carolina Rules of Civil Procedure Rule 37(b)(2)(c). Pursuant to Rule 37(b)(2)(c), the trial court is allowed to enter "[a]n order striking out pleadings or parts thereof, . . . or dismissing the action or proceeding or any part thereof." G.S. § 1A-1, Rule 37(b)(2)(c). Defendant concedes in his brief and we hold that the trial court has the authority to strike his request for a trial *de novo* as a sanction pursuant to the Rules for Court-Ordered Arbitration. When a defendant violates Rule 3(p), "under [appropriate] circumstances, a trial court's award of sanctions against the defendant in the form of striking the defendant's demand for trial *de novo* and enforcing the arbitration award in favor of the plaintiff is not an abuse of discretion." *Bledsole*, 150 N.C. App. at 622-23, 564 S.E.2d at 905. "Sanctions imposed under Rule 37(b)(2)(c) will not be upset on appeal in the absence of an abuse of discretion." *Mohamad*, 139 N.C. App. at 615, 534 S.E.2d at 620. After careful review of the circumstances here, we conclude that the trial court did not abuse its discretion in striking defendant's request for a trial *de novo* and enforcing the arbitration award.

**[4]** Defendant next contends that the trial court erred in denying defendant's motion for reconsideration. Defendant argues that the basis for his motion was his affidavit stating that the Allstate insurance representative had "express authority to make binding decisions on behalf of the named defendant." Defendant contends that the trial court accepted his affidavit and it stands uncontested. We are not persuaded.

"[A] motion for relief under Rule 60(b) is addressed to the sound discretion of the trial court and appellate review is limited to determining whether the court abused its discretion." *Sink v. Easter*, 288 N.C. 183, 198, 217 S.E.2d 532,.541 (1975). Defendant does not state in his motion the specific bases for reconsideration under Rule 60 but appears to argue Rule 60(b)(2) and (6).

Rule 60(b)(2) of the North Carolina Rules of Civil Procedure "provides in pertinent part that a trial judge may relieve a party from a judgment when there is 'newly discovered evidence which by due diligence could not have .been discovered in time to move for a new trial under Rule 59(b).' " *Cole v. Cole*, 90 N.C. App. 724, 727, 370 S.E.2d 272, 273 (quoting G.S. § 1A-1, Rule 60(b)(2)), *disc. review denied*, 323 N.C. 475, 373 S.E.2d 862 (1988). "[T]o constitute 'newly discovered evidence' within the meaning of Rule 60(b)(2), the evidence must be such that it could not have been obtained in time for the original proceeding through the exercise of due diligence." *Waldrop v. Young*, 104 N.C. App. 294, 297, 408 S.E.2d 883, 884 (1991). The "newly discovered evidence" must have been in existence at the time of the trial. *Grupen v. Furniture Industries*, 28 N.C. App. 119, 121, 220 S.E.2d 201, 202 (1975), *disc. review denied*, 289 N.C. 297, 222 S.E.2d 696 (1976). "This limitation on newly discovered evidence has been justified on the firm policy ground that, if the situation were otherwise, litigation would never come to an end." *Cole*, 90 N.C. App. at 728, 370 S.E.2d at 274.

Here, defendant asserted in his motion that the trial court found as fact that there was no evidence in the record from defendant to show that either his attorney or the Allstate insurance representative had the requisite authority. The basis for defendant's motion to reconsider was defendant's own affidavit which purported to show that the Allstate insurance representative present at the arbitration hearing had the necessary authority to act on his behalf. Defendant alleges in his motion that through due diligence, he was not able to obtain this affidavit before entry of the trial court's order. Defendant moved for reconsideration with his affidavit on 17 July 2001.

## HOLCOMB v. COLONIAL ASSOCS., L.L.C.

[153 N.C. App. 413 (2002)]

Defendant's personal affidavit is not newly discovered evidence. Defendant did not make his affidavit until after the arbitration and the hearing. Even if the affidavit could be considered newly discovered evidence, defendant did not exercise due diligence. Defendant does not explain why he was unable to obtain his own affidavit prior to the arbitration hearing on 13 March 2001 and the hearing before the trial court on 4 June 2001. We can discern no abuse of discretion by the trial court in denying defendant's motion for reconsideration.

Our conclusion under Rule 60(b)(6) is the same. Rule 60(b)(6) states that relief is available for "[a]ny other reason justifying relief from the operation of the judgment." G.S. § 1A-1, Rule 60(b)(6). To set aside a judgment or order under Rule 60(b)(6), the movant must show that extraordinary circumstances exist and that justice demands the relief. *Jenkins v. Middleton*, 114 N.C. App. 799, 800-01, 443 S.E.2d 110, 112 (1994). In addition, the movant must also show that he has a meritorious defense. *State v. Reid*, 35 N.C. App. 235, 237, 241 S.E.2d 110, 111 (1978). Here, defendant has not shown extraordinary circumstances, that justice demands relief or a meritorious defense. After careful consideration, we discern no abuse of discretion.

Accordingly, the decision of the trial court is affirmed.

Affirmed.

Judges MARTIN and HUNTER concur.