NO. COA13-723

NORTH CAROLINA COURT OF APPEALS

Filed: 4 February 2014

TRACY BEARD,
     Employee,
     Plaintiff,

                                        North Carolina
     v.                                 Industrial Commission
                                        I.C. No.  X39221

WAKEMED,
     Employer,

SELF-INSURED (KEY RISK MANAGEMENT
SERVICES, Administrator),
     Defendants.


Appeal by defendants from Opinion and Award entered 1 February 2013 and order entered 8 April 2013 by the North Carolina Industrial Commission.  Heard in the Court of Appeals 19 November 2013.

> *O'Malley Tunstall, PLLC, by Joseph P. Tunstall, III, for plaintiff-appellee.*
>
> *Cranfill Sumner & Hartzog LLP, by Jaye E. Bingham-Hinch, for defendants-appellants.*


STROUD, Judge.


Defendants appeal opinion and award awarding workers' compensation benefits to plaintiff and order denying their motion for reconsideration.  For the following reasons, we affirm.

I.   Background

On or about 25 April 2011, defendant entered a Form 19, "EMPLOYER'S REPORT OF EMPLOYEE'S INJURY OR OCCUPATIONAL DISEASE TO THE INDUSTRIAL COMMISSION" ("report"). The report stated that plaintiff, a staff nurse, "was pulling a patient in their bed and felt lower back pain." On or about 2 May 2011, plaintiff's workers' compensation claim was denied for the following reasons:

- Your injury was not the result of an accident
- Your injury was not the result of a specific traumatic incident
- Your injury did not arise out of and in the course and scope of your employment
- Credibility based on inconsistent inaccurate and/or contradictory information
- and any other defenses that become known to the employer/carrier

On 12 May 2011, plaintiff requested that her claim be assigned for a hearing. On or about 27 May 2011, defendants responded to plaintiff's request for a hearing stating "that the plaintiff did not sustain an injury by accident arising out of and in the course of her employment and is therefore entitled to no workers' compensation benefits." On or about 13 December 2011, the parties entered into a "PRE-TRIAL AGREEMENT" wherein they all stipulated that plaintiff was an employee of defendant WakeMed and that she sustained an injury on 12 April 2011. On 23 May 2012, Deputy Commissioner Victoria M. Homick of the Industrial Commission entered an opinion and award ordering defendants to "pay temporary

total disability compensation[,]" "all past and future medical expenses incurred or to be incurred as a result of plaintiff's compensable injury[,]" "reasonable attorney's fee[,]" and "costs." On 29 May 2012, defendants appealed the Deputy Commissioner's opinion and award. On 1 February 2013, the Full Commission of the Industrial Commission entered an opinion and award again ordering defendant's to "pay temporary total disability compensation[,]" "all past and future medical expenses incurred or to be incurred as a result of Plaintiff's compensable injury[,]" "reasonable attorney's fee[,]" and "costs."

On 28 February 2013, defendants filed a "MOTION FOR RECONSIDERATION" On 7 March 2013, plaintiff objected to defendants' motion for reconsideration because, *inter alia*, it was not timely filed. On 7 March 2013, defendants contended that their motion should be heard because it was timely filed. On 8 April 2013, the Full Commission entered an order denying defendants' motion to reconsider. Defendants appealed both the opinion and award of the Full Commission and the order denying their motion to reconsider.

II. Findings of Fact and Conclusions of Law

Defendants challenge various findings of fact as unsupported by the competent evidence and several conclusions of law as

unsupported by the findings of fact.

> The standard of review in workers' compensation cases has been firmly established by the General Assembly and by numerous decisions of this Court. Under the Workers' Compensation Act, the Commission is the sole judge of the credibility of the witnesses and the weight to be given their testimony. Therefore, on appeal from an award of the Industrial Commission, review is limited to consideration of whether competent evidence supports the Commission's findings of fact and whether the findings support the Commission's conclusions of law. This court's duty goes no further than to determine whether the record contains any evidence tending to support the finding.

*Richardson v. Maxim Healthcare/Allegis Grp.*, 362 N.C. 657, 660, 669 S.E.2d 582, 584 (2008) (citations, quotation marks, and brackets omitted).

A.   Compensable Injury

Defendants contend that fifteen findings of fact "are not supported by the evidence of record" and three conclusions of law "are not supported by findings of fact or the applicable law" regarding "whether plaintiff sustained a compensable injury by accident to her back in the form of a specific traumatic incident, arising out of and in the course of her employment with WakeMed that aggravated her pre-existing low back condition[.]" (Original in all caps.) (Quotation marks omitted.)  While a cursory glance of defendant's brief makes it appear that defendants are

appropriately challenging the evidence, findings of fact, and conclusions of law, a thorough reading reveals that defendants are actually asking this Court to reweigh the evidence before the Commission in favor of defendants. This we cannot do, as "this [C]ourt's duty goes no further than to determine whether the record contains *any evidence* tending to support the finding." *Id.* (emphasis added). The fact that the evidence may support a different finding of fact is irrelevant if there is "any evidence tending to support" the findings of fact actually made by the Commission. *Id.*

Defendants also argue that "the only evidence that plaintiff did sustain such an injury is plaintiff's own testimony" and "plaintiff was not honest[;]" however, the evidence contains statements by medical professionals regarding the fact that plaintiff sustained a compensable injury. Furthermore, plaintiff's own testimony *is* evidence which the Commission may weigh for credibility and if it determines the evidence is credible it may base findings of fact regarding plaintiff's compensable injury upon such evidence; defendant has failed to cite any legal authority stating otherwise.

Defendants further contend that "the Commission erroneously ignored all the evidence regarding plaintiff's failure to disclose

her back history to WakeMed and her medical providers and made no findings of fact regarding this evidence or the evidence that plaintiff was reprimanded for failing to assist a co-worker on a problematic procedure[.]" Yet the fact that the Commission may not have made a finding of fact regarding every piece of evidence presented does not mean that the Commission "ignored" that evidence, but only that it did not determine that a finding of fact regarding such evidence was necessary to support its determination. Quoting and citing appropriate law regarding the Commission's duty to make all the material findings of fact necessary to support the conclusions of law is not actually an argument to this Court as to why specific findings of fact are necessary in this case. Defendants have failed to demonstrate that the Commission ignored any material evidence upon which a finding must be made.

Defendants also challenge the "medical evidence" before the Commission because "there is no medical evidence that plaintiff sustained an injury at the time she alleges" as the deposed doctors were basing their opinions "on plaintiff's subjective history[.]" Defendants have pointed to no legal authority that doctors may not rely on "plaintiff's subjective history" both in diagnosing and treating her; indeed, defendants seem to imply that all "subjective

history" should be disregarded. But a doctor's medical determination is not rendered incompetent because it is based upon a patient's subjective reports of her history and symptoms as a part of a medical evaluation. *See Yingling v. Bank of America*, ___ N.C. App. ___, ___, 741 S.E.2d 395, 406 (2013) ("Especially when treating pain patients, a physician's diagnosis often depends on the patient's subjective complaints, and this does not render the physician's opinion incompetent as a matter of law." (citation, quotation marks, and brackets omitted)). Defendants have made no legal arguments showing that the doctors' depositions should not be included as competent evidence before the Commission simply because the doctors relied in part upon plaintiff's subjective history in both diagnosing and treating plaintiff, and we can think of none. As such, the Commission was allowed to weigh the evidence, including the depositions, as it saw fit and make the appropriate and essential findings of fact based upon them. *See id*. Based on the foregoing reasons, the arguments regarding the findings of fact and conclusions of law are overruled. We will not reweigh the evidence before the Commission, so there is no valid legal argument for this Court to consider from defendants regarding any of the challenged findings of fact or conclusions of law as to plaintiff's compensable injury.

B.  Disability

Defendants also contend that five findings of fact "are not supported by the competent evidence of record" and three conclusions of law "are not supported by the findings of fact or applicable law.  Defendants' challenge to the five findings of fact and three conclusions of law center around one issue: defendants argue that the Commission erred in concluding that "plaintiff met her burden of proof pursuant to the second prong of *Russell v. Lowes Product Distrib.*, 108 N.C. App. 762, 425 S.E.2d 454 (1993)[.]"

*Russell* provides,

> The burden is on the employee to show that he is unable to earn the same wages he had earned before the injury, either in the same employment or in other employment. The employee may meet this burden in one of four ways [including] . . . (2) the production of evidence that he is capable of some work, but that he has, after a reasonable effort on his part, been unsuccessful in his effort to obtain employment[.]

*Russell v. Lowes Product Distribution*, 108 N.C. App. 762, 765-66, 425 S.E.2d 454, 457 (1993) (citation omitted).

Defendants direct our attention to statements Dr. Daniel Albright made during his deposition which could be construed as evidence that plaintiff should not be under work restrictions. But Dr. Alright did place a 20 pound lifting restriction on

plaintiff, at the very least to relieve her of the anxiety she had about returning to work because of the "exacerbation of her previous low back condition" caused by her "on-the-job injury[.]" Thus, the Commission had to weigh and consider Dr. Albright's statements along with the other evidence and based upon this could properly find that

> Dr. Albright diagnosed Plaintiff with a low back strain and recommended physical therapy and work conditioning. Dr. Albright released Plaintiff to return to work with restrictions of no lifting over twenty pounds. . . . Dr. Albright opined, to a reasonable degree of medical certainty, that the April 12, 2011 work incident exacerbated a pre-existing low back condition.

Furthermore, plaintiff's husband testified that it had been "very difficult for her" to find work due to her back pain, and plaintiff spent "four or five hours a day looking" for jobs and sending resumes to prospective employers. Plaintiff also testified that she had attempted to return to work taking a part-time position and eventually moving to a full-time position which she had held until a week or two before her hearing before the Industrial Commission but ultimately voluntarily left because she "had a lot of back pain" and "would come at the end of the day and it was hard for [her] to move." We believe that the evidence and the Commission's findings of fact regarding the evidence support the

conclusion that "Plaintiff has proven disability under the second prong of *Russell*, through evidence that she made reasonable efforts to find work but has been unsuccessful in obtaining employment." Accordingly, this argument is overruled.

### III. Motion for Reconsideration

Defendants also contend the Commission erred in denying their motion to reconsider which they argue "contain[ed] a Motion to Consider and Admit . . . Newly Discovered Evidence[.]" Defendants' motion is entitled "DEFENDANTS' MOTION FOR RECONSIDERATION OF FULL COMMISSION'S OPINION AND AWARD" and includes 30 numbered paragraphs. Defendants contend that two of these paragraphs contain their motion to consider and admit newly discovered evidence. The alleged "newly discovered evidence" is information that plaintiff obtained another job *after* the hearing before the Commission; this is not "newly discovered evidence" since this evidence did not exist at the time of the hearing. *See Parks v. Green*, 153 N.C. App. 405, 412, 571 S.E.2d 14, 19 (2002). "The newly discovered evidence must have been in existence at the time of the trial. This limitation on newly discovered evidence has been justified on the firm policy ground that, if the situation were otherwise, litigation would never come to an end." *Id.* (citation and quotation marks omitted).

Defendants' brief addresses only the denial of the motion to consider and admit newly discovered evidence and does not present any argument regarding the denial of the motion to the extent that it might be considered as a motion for reconsideration. In any event, both motions are reviewed for abuse of discretion. *See generally Cummins v. BCCI Const. Enters.*, 149 N.C. App. 180, 185, 560 S.E.2d 369, 373 ("the Commission did not manifestly abuse its discretion by denying defendants' Motion for Reconsideration"), *disc. review denied*, 356 N.C. 611, 574 S.E.2d 678 (2002); *Owens v. Mineral Co.*, 10 N.C. App. 84, 87, 177 S.E.2d 775, 777 (1970) ("Ordinarily, a motion for further hearing on the grounds of introducing additional or newly discovered evidence rests in the sound discretion of the Industrial Commission."); *cert. denied*, 277 N.C. 726, 178 S.E.2d 831 (1971).

> The test for abuse of discretion is whether a decision is manifestly unsupported by reason, or so arbitrary that it could not have been the result of a reasoned decision. Because the reviewing court does not in the first instance make the judgment, the purpose of the reviewing court is not to substitute its judgment in place of the decision maker. Rather, the reviewing court sits only to insure that the decision could, in light of the factual context in which it is made, be the product of reason.

*Burnham v. McGee Bros. Co., Inc.*, ___ N.C. App. ___, ___, 727 S.E.2d 724, 728 (2012) (citation, quotation marks, and ellipses

omitted), *disc. review dismissed and cert. denied*, 366 N.C. 437, 737 S.E.2d 106 (2013).

As the "newly discovered evidence" which the defendants asked the Commission to consider is not actually "newly discovered evidence," *see Parks*, 153 N.C. App. at 412, 571 S.E.2d at 19, the Commission did not abuse its discretion in denying the motion. Defendants further contend that the Commission erred in failing to address their motion to consider and admit newly discovered evidence; however, even according to defendants, this "motion" was two paragraphs as part of a larger motion to reconsider. It is obvious that the Commission denied defendants' entire motion. The Commission is not required to file a separate order or even add a separate sentence specifically denying this additional "motion" embedded within the motion to reconsider, since the order denying the motion to reconsider is clearly a denial of all arguments made within that motion. This argument is overruled.

IV. Conclusion

For the foregoing reasons, we affirm.

AFFIRMED.

Judges MCGEE and BRYANT concur.